**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                **v.**        **09-CR-203S(Sr)**

**DERICK ADJEI,**

        **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Dkt. #59.

## PRELIMINARY STATEMENT

        The defendant, Derick Adjei (hereinafter, "defendant" or Adjei"), along with

nineteen others was charged in a twenty-four count Indictment with having violated Title

21, United States Code, Section 846, Title 21, United States Code, Section 963 and

Title 21, United States Code, Section 843(b).  Dkt. #1.  The defendant was charged in

four separate counts, Counts 1, 2, 6 and 12.  *Id*.

        Presently pending before this Court is the defendant's omnibus motion for

discovery, motions to suppress statements, physical evidence and electronic

eavesdropping evidence and a motion to sever.  Dkt. #119  The government has filed

its response to defendant's omnibus motion for discovery, the motions to suppress, the

motion to sever, as well as a motion for reciprocal discovery.  Dkt. #236.  This Court's Decision and Order and/or Report, Recommendation and Order with respect to defendant's motions to suppress and to sever will be addressed and filed separately. What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

The defendant seeks the following information: the exact date when defendant Adjei is alleged to have joined the conspiracy; the identity of all known, but unnamed co-conspirators; each individual with which defendant Adjei is alleged to have had an agreement with respect to the "conspiratorial goal;" the nature of the alleged agreements; whether it is alleged that defendant Adjei's knowledge of the possession and distribution of a quantity of MDMA is actual or constructive; how defendant Adjei knew of the possession and/or distribution of MDMA; for each person identified by the Grand Jury as "known" to the Grand Jury, provide the identity of that person; for each person described as being "unknown" to the Grand Jury, identify the person or information available that will identify the "unknown person" by actions, relationship with any other "accused" or the function of the "unknown" person; the names of all persons alleged to have been part of the conspiracy; and the precise manner in which it is alleged that defendant Adjei became a member of the conspiracy.  Dkt. #119, pp.5-6.

As a threshold matter, in its response the government maintains that defendant Adjei has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary.  Specifically, with respect to defendant's request for a bill of particulars concerning the development of the conspiracies charged in Counts 1 and 2, the government maintains that it is not required to furnish details concerning the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because those details need not be proven at trial.  Dkt. #236, p.10.  With respect to defendant's request for detailed information relating to specific overt acts alleged in furtherance of the conspiracies charged in Counts 1 and 2, the government argues that details such as the exact time and place of the overt acts and names of persons present are not properly the subject of a bill of particulars.  *Id*. at p.11.  Moreover, the government states that, "[t]he information in the Indictment, coupled with the discovery materials, which includes transcripts of defendant['s] intercepted conversations and many narrative reports of the investigation, more than adequately inform defendant[ ] of the facts essential to the pending charges."  *Id*. at p.12.  Finally, in its conclusion concerning defendant's request for a bill of particulars, the government states, "[b]ecause defendant will be provided with full discovery, exculpatory and impeachment material, a witness list, and exhibit lists, including 3500 materials, well in advance of trial, [he] will not be surprised by the evidence against [him] or be subject to future jeopardy in a way that might otherwise justify ordering the particulars sought."  *Id*. at p.13.

With respect to defendant Adjei's request for a bill of particulars revealing the identity of any co-conspirators, the government states that defendant Adjei knows the identity of his charged co-conspirators and "will learn more identities as trial preparations continue, to include disclosure of impeachment and so-called 3500 material." Dkt. #236, p.10. The government adds, "[t]he criminal investigation is continuing, and that investigation could be compromised if we were required to identify persons who might be charged or even questioned. The government likely will not object to later requests for disclosure of the identities of unindicted co-conspirators as trial approaches, however." *Id*.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose. Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars

> rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Disclosure of Experts**

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, the defendant seeks the disclosure of any expert witness reports obtained by the government, as well as the names of such experts, their qualifications and a synopsis of their expected testimony.  Dkt. #119, p.6.  In its response, the government states, "the government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such an expert, it will comply with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  Dkt. #236, p.26.  Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**Discovery**

As a threshold matter, the defendant states, "[t]he government has already provided the defense with many discoverable items, and this request therefore encompasses those items not previously disclosed," Dkt. #119, p.7. Initially, the defendant seeks, any statements of the defendant, and of uncharged co-defendants or co-conspirators; transcripts of testimony given by any uncharged defendant or co-conspirator before any Grand Jury; any hearsay evidence to be introduced at trial; co-conspirators' statements; and, statements intended to be offered under the residual hearsay exception. In addition to the foregoing, in thirteen separate categories, the defendant requests that the following documents and information be disclosed: "scientific"; "identification"; "federal documents"; "law enforcement documents"; "summaries, logs of conversations"; "Title III wiretap, pen register, search warrant applications"; "surveillance"; "third party documents"; "other documents"; "tapes, photographs"; "transcripts"; "physical evidence"; and, "witnesses". Dkt. #119, pp.8-14.

**Statements of Defendant, Uncharged Co-defendants and Co-Conspirators**

The defendant seeks the production of "any written, recorded, oral or observed statement of the accused not already disclosed, or of uncharged co-defendants or co-conspirators, or attributed to any uncharged co-defendant or co-conspirator, including notes, summaries or memoranda concerning such statements." Dkt. #119, p.7. Additionally, the defendant seeks the production of the transcripts of grand jury testimony given by any defendant or "uncharged co-defendant or co-

conspirator." *Id*.  Finally, defendant seeks the production of "any hearsay evidence intended by the prosecutor to be introduced at trial." *Id*.  The Court notes that the defendant separately seeks the disclosure of co-conspirator statements and that request will be addressed separately below.  In its response, the government states in pertinent part, "[s]ince the Indictment, the United states has complied and intends to continue to comply with the requirements of Rule 16.  To that end, the United States has provided comprehensive voluntary discovery, including but not limited to, defendant's statements . . . " Dkt. #236, p.13.  Based on the representations made by counsel for the government the defendant's request is denied as moot.

With respect to the defendant's request for statements made by "uncharged co-defendants or co-conspirators," the Court notes that the phrase "uncharged co-defendant is legally incorrect insofar as a co-defendant, as that term suggests, must, in order to be a "co-defendant," be "charged."  For purposes of addressing this request, the Court will treat the request as one for the production of witness statements.  The Court notes that defendant separately requests the early disclosure of *Jencks* Act material.  Therefore, defendant's request for witness statements, also known as, *Jencks* Act material, will be addressed separately below.

### Co-conspirator Statements

In two separate requests, the defendant seeks the disclosure of co-conspirator statements that the government will seek to offer as evidence pursuant to

Rule 801(d)(2)(E) of the Federal Rules of Evidence.  Specifically, the defendant

requests "[e]ach and every statement of any co-conspirator which will be relied upon at

trial by the Government to demonstrate the requisite existence of the conspiracy

charged in the indictment ..."  Dkt. #119, p.7.  In addition, the defendant seeks,

> the production of co-conspirator statements which the
> Government intends to introduce at trial since such
> statements will be attributed to the defendant under FRE
> §801(d)(2)(E).  Your deponent would also request a hearing
> pursuant to FRE 104 to determine whether the Government
> can make a sufficient showing that a conspiracy, as
> opposed to a mere buyer-seller relationship, existed and that
> the statements to be introduced are admissible under the
> co-conspirator hearsay exception.

Dkt. #119, p.15.


The government opposes the defendant's request for disclosure of

statements of co-conspirators on the grounds that the statements requested are "well

beyond the scope of the definition of a defendant's statements in Rule 16(a)(1)(A)

through (c) and are not subject to pretrial disclosure under well-settled law."  Dkt. #236,

pp.15-16.  The government further asserts,

> testimony of out-of-court co-conspirator statements during
> the course of and in furtherance of a conspiracy is not
> hearsay testimony; co-conspirator statements are
> admissions of a party opponent that are specifically
> excluded from the definition of hearsay.  The government as
> a general matter does not expect to use co-conspirators'
> statements that may be hearsay because those statements
> were not made during the course of and in furtherance of a
> conspiracy, in any event.

* * *

> Certainly, the United States will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court. Because defendants offer no legal authority or practical justification for an early proffer or discovery of hearsay statements that may be used during a proffer for a Rule 104(a) ruling that a statement is admissible as a co-conspirator statement pursuant to Rule 801(d)(2)(E), their motions seemingly seeking an order requiring that disclosure should be denied. In any event, denial of the motions at this time will not prejudice defendants, as we expect there will be timely disclosure of documents and 3500 material that is more than sufficient to support a preliminary finding of a foundation for admission of any co-conspirator statements, according to the schedule to be set by the trial court.

*Id*. at pp.16-17.

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request in this regard is denied. Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Residual Hearsay Exception**

By this request, the defendant states, "[a]lthough Rule 803(24) requires advance notice of hearsay statements thought to fall within the "other expectations [sic]" exception to the hearsay rule, and in order to avoid confusion, waste of time, and unfairness at trial, advance notice ought to be given of any out of court statements, sought to be introduced at trial against the accused to the extent it is not contained in any of the recorded conversations otherwise disclosed." Dkt. #119, p.7. The Court

notes that what was formerly Rule 803(24) of the Federal Rules of Evidence has been

transferred to Rule 807 Residual Exception.  In its response, the government agrees

that the residual hearsay exception in the Federal Rules of Evidence requires advance

notice of its use.  The government further states that it "currently does not intend to of

[sic] introduce any statement falling within the residual hearsay exception.  However,

should the government later find the exception applicable, the substance of the

statement and the name and address of the declarant will be disclosed in time to permit

defendant[ ] a fair opportunity to prepare to meet the testimony."  Dkt. #236, p.18.

Accordingly, based on the representations made by counsel for the government, the

defendant's request is denied as moot.


**Scientific**

By this request the defendant seeks the reports of all physical or mental

examinations, scientific tests or experiments relating to this case.  Dkt. #119, p.8.  In its

response, the government states,

> [t]he United States will disclose all materials that are
> discoverable under Fed.R.Crim.P. 16(a)(1)(F), which are in
> the possession of the government.  The United States has
> laboratory reports concerning the forensic analysis of seized
> controlled substances and has complied with Fed.R.Crim.P.
> 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705.  The
> government timely will provide the chemists' credentials and
> methods of analysis, to permit evaluation and cross-
> examination by defendants, in the event that a defendant
> declines to stipulate that the controlled substances are as
> they have been identified during chemical analysis.

Dkt. #236, p.18.  In a separate response concerning expert witnesses, the government

adds that, "the government expects to provide disclosure of the credentials and

methods used by the forensic chemists during their analyses and in support of their

expert opinions.  The government reserves the right to offer the testimony of other

experts, and if the government decides to use such an expert, it will comply with

Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  *Id*. at p.26.


Based on the representations made by the government that it has and will

continue to comply with its disclosure obligations as set forth in the Federal Rules of

Criminal Procedure and the Federal Rules of Evidence, the defendant's request is

denied as moot.


**Identification**

The defendant requests "[a]ny visual or audio identification procedures

utilized in this case, specifying the procedure, the participants and the circumstances;

any visual or audible representation of a person or voice used for identification

purposes."  Dkt. #119, p.8.  In its general response, the government states that it has

previously provided, *inter alia*, "eyewitness identifications." Dkt. #236, pp.13-14.  More

specifically, the government states, "[t]he United States has and will disclose

information relating to pretrial identification procedures to defense counsel during

discovery.  At this time, the government does not expect to introduce at trial evidence of

any pretrial identifications from photo arrays, photo show ups, or videotape."  Dkt. #236,

p.19.

**Federal Documents**
**Law Enforcement Documents**

By these requests, the defendant is seeking all records routinely kept by the United States government relating to any person or conduct charged in the Indictment. In addition, these requests are seeking all investigative reports, complaints, evidence logs, memos and other documents maintained by any federal, state or local police or law enforcement agency. Dkt. #119, pp.9-10. The government opposes the defendant's motion which seeks a "blanket order requiring disclosure of all documents that even defendants concede are exempted [sic] from or not subject to disclosure under Rule 16 and that are subject to disclosure, if at all, only later as 3500 materials." Dkt. #236, pp.19-20. The government further notes that it is the trial court's practice to set a deadline for disclosure of 3500 and related materials. Furthermore, the government argues that absent a showing of good cause, the usual practice established by the trial court should be followed. *Id*. at p.20.

As will be discussed in greater detail below, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witness statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Summaries, Logs of Conversations**
**Title III Wiretap, Pen Register, Search Warrant Applications**
**Surveillance**

In his request titled "Summaries, Logs of Conversations," the defendant seeks all monitoring logs or summaries or other document concerning intercepted conversations or observed conversations. Dkt. #119, p.10. In addition, the defendant is seeking all applications for visual, electronic or other surveillance, pen registers and search warrants. *Id*. at p.11. In its response, the government states,

> [d]efendants have either been provided, or have had made available to them, the underlying wiretap applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages. Any defendant seeking more discovery should be required to demonstrate a genuine need, legal authority, and standing to challenge the wiretap intercepts.

Dkt. #236, pp.20-21. Based on the representations made by counsel for the government, defendant's request is denied as moot.

**Third Party Documents**
**Other Documents**

By his request for "third party documents," the defendant seeks,

[a]ny documents, not already disclosed, obtained from any
banks, financial institutions, or the like relating in any way to
the indictment or the investigation which lead up to the
indictment.  Any documents, not already disclosed, obtained
from any common carriers whether for packages,
information, data, or persons, including telephone records,
or the like relating in any way to the indictment or the
investigation which lead up to the indictment.  The
government and the grand jury may have obtained records
from a variety of third party record keepers.  As the
collection of that information was or may have been material
to the preparation of the case from the government's point of
view, its review by the defense is also now required in order
to allow the defense to prepare.

Dkt. #119, pp.11-12.  With respect to his request for "other documents," the defendant

states,

[r]ather than requiring the accused to guess about other
types of documentary information or evidence which has
been collected in connection with this case . . . the
government should be required to specify any additional
documents in its possession or under its control which relate
in any way to the present case so that the discoverability of
that information might be evaluated at the present time.

Dkt. #119, p.12.


In its response, the government asserts that the defendant failed to make

any showing whatsoever that any third party or other documents are material and

therefore, his motion should be denied.  Dkt. #236, pp.21-22.  Based on the foregoing,

defendant's requests are denied.

-14-

**Tapes, Photographs**

By this request, the defendant seeks copies of all video or audio tapes made in connection with the investigation. Dkt. #119, p.12. In addition, the defendant seeks copies of any photographs made in connection with this investigation. *Id*. at p.13. In its response, the government states, "[d]efendants have either been provided, or have had made available to them, the underlying wiretap applications and progress reports, as well as recordings of intercepted calls and transcripts of intercepted calls and text messages." Dkt. #236, p.20. With respect to defendant's request for photographs, in its general response relating to discovery, the government states that it has provided "comprehensive voluntary discovery, including, but not limited to, . . . photographs." Dkt. #236, p.13. Based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.

**Transcripts**

By this request the defendant seeks "verbatim transcripts of all conversations identified by the government as being relevant to the case." Dkt. #119, p.13. As noted above, the defendant has been provided with, *inter alia*, transcripts of intercepted calls and text messages." Dkt. #236, p.20. Accordingly, based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.

**Physical Evidence**

By this request titled "physical evidence," the defendant seeks, "all physical evidence collected or seized in connection with the case." Dkt. #119, pp.13-14. In its response, the government maintains that it has and continues to comply with the requirements set forth in Rule 16 of the Federal Rules of Criminal Procedure. Moreover, the government states,

> the United States has provided comprehensive voluntary discovery, including, but not limited to, defendants' statements, reports, photographs, recordings of court-authorized intercepted communications, criminal records of each defendant to that defendant, transcripts of intercepted communications, laboratory reports, and eyewitness identifications. As the government identifies any other evidence which falls within the scope of Rule 16, it will provide that evidence to defense counsel, thereby continuing to comply with its disclosure duties in Rule 16(c). The government has notified defendants that it may introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted). Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Witnesses**

The defendant requests that the government disclose its list of witnesses that it expects to call at the trial. Dkt. #119, p.14. In its response, the government states that Rule 16 does not authorize a defendant to seek a list of the names or identities of government witnesses before trial. Dkt. #236, p.22. Although the government notes that a court has discretion to compel pretrial disclosure of the identity of government witnesses after a defendant makes "a specific showing that disclosure

-16-

[is] both material to the preparation of his defense and reasonable in light of the

circumstances surrounding his case."  *Id*.  Notwithstanding the foregoing, the

government further states, "[b]ecause defendant will receive a witness list reasonably in

advance of trial and [has] not shown any need to receive one sooner, [his] motion

should be denied."  Dkt. #236, p.23.  Because the defendant has failed to demonstrate

that pretrial disclosure of the government's witness list is both material and reasonable,

defendant's motion is denied.


**Rule 403, 404(b) and 609 Material**

> In his request, the defendant states,

> [i]n order to permit defendant to determine whether or not
> grounds exist for objection, defendant requests that the
> government be required, in accord with Fed. R. Crim. P.
> 12(d), to disclose any evidence intended to be offered at trial
> that would cause undue surprise or prejudice, evidence of
> other crimes intended to prove character, or evidence of
> prior convictions the government intends to use for purposes
> of impeachment of defendant should he testify.

Dkt. #119, p.14.  In its response, the government states that,

> [t]he government expects to timely disclose evidence that
> might fall within the ambit of Fed.R.Evid. 404(b), 608(d) and
> 609.  The government intends to seek to introduce at trial
> evidence of this activity, as well as similar activity. ... In this
> case, defendants have not advanced any concrete reason
> for early disclosure of Rule 404(b) evidence and, therefore,
> their request should be denied, without prejudice.  The
> government will disclose evidence in its possession that
> might fall within Fed.R.Evid. 404(b), 607, 608 and 609, and
> provide notice of its intention to rely upon such evidence
> when ordered to do so by the trial court.  Specifically, at this
> time, the government is unaware of any evidence within the
> ambit of Fed.R.Evid. 609, which could be used at trial to
> impeach the credibility of defendants upon cross-

examination. With respect to the disclosure of evidence which falls within Fed.R.Evid. 608, the government notes that it has no obligation to provide a defendant with any information that could be used to impeach him pursuant to Rule 608, should he elect to testify. Furthermore, the government preliminarily notifies defendants that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs to show proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident. ... The government will provide defendants with more definitive notice of its intent to rely on Rule 404(b) evidence when directed to do so by the trial judge, or during trial, if pretrial notice is excused for good cause.

Dkt. #236, pp.24-25.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore,

defendant's request in this regard is denied.  With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot.  The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**Discovery with Respect to FRE 702, 703 and 705**

By this request, the defendant requests that "the government provide your deponent with a list of the government's expert witnesses, if any, and the substance of any reports from these witnesses that may be in their possession, as well as written summaries of their anticipated testimony."  Dkt. #119, p.14.

As set forth above, "the government expects to provide disclosure of the credentials and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such an expert, it will comply with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  *Id*. at p.26.  Based on the representations made by the government that it has and will continue to comply with its disclosure obligations as set forth in the Federal Rules of

Criminal Procedure and the Federal Rules of Evidence, the defendant's request is
denied as moot.


**_Brady_ Material**

By this request the defendant is seeking the disclosure of _Brady_ and

_Giglio_ material.  Dkt. #119, pp.15-18.  In its response the government states,

> [t]he government believes it is complying with its obligations
> to provide this potentially exculpatory information to
> defendants.  Specifically, we are aware of no evidence that
> a defendant was operating under duress, as a result of
> coercion, or under imperfect duress of coercion. . . .  As a
> practice, the government discloses directly exculpatory
> information as soon as we become aware of it, and are
> complying with the obligation to disclose exculpatory
> material to permit defendants to make effective use of the
> material before trial.  To the extent that additional <u>Brady</u> and
> impeachment material becomes known to the government,
> we will endeavor to disclose it sufficiently in advance of the
> proof for the information to be effectively useful to
> defendants.

Dkt. #236, pp.26-28.


"[A]s a general rule, _Brady_ and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

_United States v. Coppa_, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over _Brady_ material to the defense "in time for its effective use."  _Id._

at 144.  With respect to impeachment material that does not rise to the level of being

_Brady_ material, such as _Jencks_ statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his/her direct

testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order to be issued by the trial judge.


Based on the representations made by counsel for the government as to

its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the

government is hereby directed to comply with the Second Circuit Court of Appeals'

holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials

to the defendant.


The government did not respond to that portion of the defendant's request

which seeks the names, addresses and statements of any persons interviewed by or on

behalf of the government or who are known to have been witnesses to the events

underlying the charge, and whom the Government does not intend to call as witnesses.

Notwithstanding his request, the defendant has offered no "particularized showing of

need" for same.  *See United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250,

at *13.  Rule 16 of the Federal Rules of Criminal Procedure does not require such

disclosure, and because there has been no showing of need, the request is denied.

*See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921

(1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26,

1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320

(S.D.N.Y. 1975).


**Identity of Informants**

        The defendant requests the disclosure of the identity and addresses of

any government informants.  Dkt. #119, p.18.  In its response, the government states

that such disclosure is unwarranted at this time.  Dkt. #236, p.29.  The government

further states that,

> Any further requests for disclosure of informants should be
> denied, and any further requests for disclosure, identity,
> impeachment material, etc., should properly be addressed
> through the Brady and Jencks Act materials which will be
> provided to defendant[ ].

*Id*. at p.31.  In order to be entitled to the requested information, the defendant must

sufficiently state a basis for requiring the disclosure of this information or that the

testimony of the informant would be of even marginal value to the defendant's case.

Moreover, the Court notes that the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S.

1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro
> v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639
> (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the

fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable."  *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense."  *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence."  *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973).  In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jiminez*,

> the informant was both participant and witness, but the
> district court's refusal to order disclosure of his identity was
> upheld on the ground that the defendant had failed to show
> that the testimony of the informant "would have been of even
> marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). In support of his request, the defendant argues that he is entitled to the identity of any and all informants so that an investigation may be made into the credibility and background of the informants prior to trial. Dkt. #119, p.18. In addition to the revelation of the identity of each informant, the defendant further asserts that he is entitled to pretrial access to the prosecution witnesses. *Id*. Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Accordingly, defendant's request is denied without prejudice.

Finally, the defendant further states, "[i]n the event the Government should decline to identify these informants, your deponent requests an *in camera* review to evaluate the competing interests in such disclosure." *Id*. In addition to the foregoing, in its response, the government states,

> [i]n order to avoid baseless litigation of Roviaro claims,
> courts require a defendant seeking disclosure to present
> some concrete justification for the request. The Second
> Circuit has stated that '(t)he defendant bears the burden of
> establishing the need for disclosure, . . . and this requires
> some demonstration that in the absence of such disclosure
> the defendant will be denied a fair trial.'

-24-

Dkt. #236, p.30 (internal citations omitted).  Here, the defendant makes no effort

whatsoever to satisfy his obligation to offer "concrete justification for the request."

Without more, the Court finds that the defendant has failed to sufficiently state a basis

for requiring the disclosure of this information or that the testimony of the informant

would be of even marginal value to the defendant's case.  Accordingly, defendant's

request is denied without prejudice.


**Early Disclosure of *Jencks* Act Material**

By this request, the defendant seeks the early disclosure of witness

statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #119, pp.24-

25.  In its response, the government states,

> [t]he United States opposes defendant['s] request for
> immediate disclosure of <u>Jencks</u> Act material, and will comply
> in this case with our practice and that of the trial court to
> disclose witness statements before trial.  That practice
> should be followed because [the] defendant[ ] [has] failed to
> make any showing of good cause for the extraordinary,
> expedited relief sought. . . . Nonetheless, the government
> agrees to provide witness statements required by Title 18,
> United States Code, Section 3500, at the time set by the trial
> court according to its usual practice.  However, the
> government reserves the right to withhold witness
> statements until a witness has completed direct testimony
> where production of that statement before trial would expose
> the witness to retaliation or endanger the witness or his/her
> family.

Dkt. #236, pp.28-29.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Intention to Join in Motions of Co-Defendants**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #119, p.37. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the
finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

By this request, the defendant states, "defendant reserves the right to
make further motions as the factors and evidence emerge through requested
disclosure." Dkt. #119, p.37.  This request is granted provided that any additional
bases for relief are based on facts or information learned by reason of the continuation
of the investigation or facts and circumstances revealed in the government's response
to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has
made a request for reciprocal discovery.  Dkt. #236, p.94.  The government has
requested that the defendant permit it to inspect and copy all books, papers,
documents, photographs and other tangible objects which the defendant intends to
introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect
all reports of physical or mental examinations and of scientific tests or experiments,
within the possession or control of the defendant along with written summaries of expert
witness testimony that the defendant intends to use at trial.  Since the defendant has
moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            June 29, 2010

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
