**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                  **v.**         **09-CR-203S(Sr)**

**DERICK ADJEI,**

       **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #59.

## PRELIMINARY STATEMENT

The defendant, Derick Adjei (hereinafter, "defendant" or Adjei"), along with nineteen others was charged in a twenty-four count Indictment with having violated Title 21, United States Code, Section 846, Title 21, United States Code, Section 963 and Title 21, United States Code, Section 843(b). Dkt. #1. The defendant was charged in four separate counts, Counts 1, 2, 6 and 12. *Id*.

Presently pending before this Court are the defendant's motions to suppress statements, physical evidence and electronic eavesdropping evidence and a motion to sever. Dkt. #119  The government filed its response to defendant's motions to suppress and the motion to sever. Dkt. #236. This Court's Decision and Order with

respect to defendant's omnibus motion for discovery and the government's motion for reciprocal discovery was filed on June 29, 2010. Dkt. #258. This Court's Report, Recommendation and Order with respect to the defendant's motion to suppress electronic eavesdropping evidence and to sever will be addressed and filed separately. What follows is this Court's Decision and Order with respect to the defendant's motion to suppress statements and evidence.

## DISCUSSION AND ANALYSIS

Although the defendant has not filed a personal affidavit alleging that he was coerced into signing a consent and waiver; and that he did not sufficiently understand the English language when confronted by government agents; and that he requested the assistance of his wife and/or a lawyer, which request was refused by government agents; his attorney has made such allegations under oath in affidavit form on behalf of the defendant.

In response to the defendant's claims, the government has merely asserted,

> defendant Adjei contends that despite his execution of a form[1] containing his <u>Miranda</u> rights, that he understood those rights, and voluntarily waived them before speaking with agents, that he did not do so. There are no facts submitted in support of those contentions, as evidenced by the documentation provided to defendants during voluntary discovery establishing that <u>Miranda</u> warnings were

---

[1] The Statement of Rights form was provided to defendant Adjei during voluntary discovery, along with the executed Consent to Search form.

>administered, and that defendants [sic] knowingly and voluntarily waived those rights before agreeing to speak with agents.

Dkt. #236, p.90 (footnote in original).  In addition, in its consolidated response to all of the defendants' pretrial motions, the government states generally with respect to all defendants seeking to suppress statements and/or evidence,

>[i]n this case, defendants were advised of his/her <u>Miranda</u> warnings before agreeing to waive those rights and speak with law enforcement officers on June 17, 2009.  The information concerning the statements and the waiver by each defendant was disclosed to [sic] in voluntary discovery.  When defendants responded to agents on June 17, 2009, each appeared to do so appropriately, appeared to the agents to listen to them, and told agents that he/she understood the rights and the <u>Miranda</u> warnings, acknowledged those warnings when they were read to him/her, and completed the Statement of Rights form.[2]  Based upon the foregoing, this Court should deny the motion to suppress the statements of defendants without a hearing.

Dkt. #236, p.93 (footnote in original).

It appears to this Court that the government's response is not sufficient so as to eliminate satisfactorily, the issue of consent and waiver as raised by the

---

[2] Defendant Adjei attempts to deflect the Court's attention to what he contends was an inordinate delay in appearing before a United States Magistrate Judge on June 17, 2009 after he was taken into custody.  Defendant Adjei was arrested at his residence in Chicago, Illinois at approximately 6:00 a.m. (local time) on June 17, 2009, was administered <u>Miranda</u> warnings by agents, which Adjei knowingly and voluntarily waived, and consented to a search of his residence.  Defendant Adjei then was taken for processing and remained in the custody of the United States Marshal's Service, not in the custody of ICE agents, until Adjei appeared before a United States Magistrate Judge later that afternoon.  The reports prepared concerning defendant Adjei's arrest was [sic] disclosed to the defendant during voluntary discovery.

defendant. The burden is on the government to "demonstrat[e] by a preponderance of the evidence that a defendant waived his constitutional rights." *United States v. Lynch*, 92 F.3d 62, 65 (2d Cir. 1996); *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). In addition, the burden of establishing the validity of such "consents to search" is upon the government. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968); *Florida v. Royer*, 460 U.S. 491, 497 (1983) (plurality opinion).

Since the government has not met that burden in its response to the defendant's motion, a hearing is necessary. Therefore, the attorneys are to appear on October 28, 2010 at 11:30 a.m. for purposes of scheduling an evidentiary hearing on these issues.

**SO ORDERED.**


DATED:   Buffalo, New York
         October 21, 2010


                                   *s/ H. Kenneth Schroeder, Jr.*
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**